Filed 2/17/23 P. v. Long CA4/2
*See Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079462 |
| v. | (Super.Ct.No. RIF101470) |
| CHRISTOPHER MICHAEL LONG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Judith C. Clark, Judge. Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal by defendant Christopher Michael Long from the Riverside Superior Court's denial of his second Penal Code section 1172.6 petition for resentencing.[1]  We will affirm.

**BACKGROUND**

In April 2005, defendant was convicted of first degree murder.  The trial court sentenced him to a term of 25 years to life in state prison.  He appealed the judgment and we affirmed.  (*People v. Bell* (June 8, 2007, E038574) [nonpub. opn.].)

Nearly 14 years later, Senate Bill No. 1437 became effective. (Stats. 2018, ch. 1015, eff. Jan. 1, 2019.)  That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule in cases of first and second degree murder and eliminated the natural and probable consequences liability for murder. (Stats. 2018, ch. 1015, §§ 2, 3.)  The bill also added section 1172.6, which creates a procedure for convicted persons who could not be convicted under the statutes as amended to retroactively obtain relief.  (*Id.* § 4.)

As the result of the amendments brought about by Senate Bill No. 1437, persons who were not actual killers and did not act with the intent to kill cannot be held liable for murder unless they were major participants in the underlying felony and acted with reckless indifference to human life as defined in section 190.2, subdivision (d), the statute

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

that defines special circumstance felony murder. (§ 189, subd. (e); *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Defendant filed a section 1172.6 petition for resentencing in February 2019. The trial court denied the petition and defendant appealed. His appointed appellate counsel, unable to find a reasonably arguable issue, filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We held the procedures set forth in *Wende* do not apply to defendant's appeal from denial of his petition but exercised our inherent supervisory authority to employ those procedures. Defendant did not respond to our notice giving him an opportunity to file a personal supplemental brief. We conducted an independent review of the record, found no arguable issues, and affirmed. (*People v. Long* (Sept. 9, 2020, E074666) [nonpub. opn.].)

In March 2022, defendant filed a second section 1172.6 petition. The court set a status conference and appointed counsel for defendant. At the conference, the trial court found defendant's circumstances had not changed between his February 2019 petition and his current resentencing effort and denied the petition with prejudice. Defendant appealed.

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel requests that we independently review the record on appeal pursuant to *Wende*, *supra*, 25 Cal.3d 436.

Upon receipt of the brief from counsel, we sent the following notice to defendant: "Counsel for appellant has filed a brief stating no arguable issues can be found (*People v.*

*Wende* (1979) 25 Cal.3d 436). The appellant is personally granted 30 days to file any supplemental brief deemed necessary." Defendant did not file a supplemental brief or letter.

**DISCUSSION**

After defendant's counsel filed a no-issues brief and we sent our notice to defendant giving him the opportunity to file a supplemental brief, our Supreme Court issued its opinion in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). It held that because an appeal from the denial of a section 1172.6 resentencing petition does not implicate a constitutional right to counsel, the protections afforded by *Wende, supra*, 25 Cal.3d at pages 441-442, including an independent review of the record by Courts of Appeal, do not apply. (*Delgadillo*, *supra*, 14 Cal.5th at p. 224.) The court agreed, however, with the parties' suggestion that it provide guidance for counsel and courts to follow in postconviction appeals in which appointed appellate counsel finds no arguable issues. (*Id.* at p. 231.) It therefore invoked its inherent supervisory powers to prescribe a basic procedural framework for use in future section 1172.6 no-issues appeals, leaving it to the Courts of Appeal to tailor and develop additional procedures as they see fit. (*Id.* at pp. 231-232.)

The *Delgadillo* framework requires appointed appellate counsel who are unable to find an arguable issue to file a brief informing the appellate court of that determination, including a concise recitation of the facts bearing on the denial of the 1172.6 petition. (*Delgadillo*, *supra,* 14 Cal.5th at p. 231.) Upon receipt of the brief, the appellate court is to send a copy of it to the defendant along with a notice informing the defendant (i) of the

4

right to file a supplemental letter or brief, and (ii) that the failure to file a letter or brief within 30 days may result in dismissal of the appeal. (*Id.* at pp. 231-232.)

If the defendant responds to the notice, the court is required to evaluate the arguments raised in the supplemental brief or letter and must issue a written opinion. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) If the defendant does not respond to the court's notice, then the court may exercise its discretion to dismiss the appeal as abandoned. (*Ibid.*) If it chooses to dismiss, it may do so with or without a written opinion. (*Ibid.*) In all cases, the Courts of Appeal have discretion to conduct an independent review of the record, whether or not defendant files a supplemental brief or letter. (*Ibid.*)

In *Delgadillo*, the Supreme Court suggested the appellate court is required to review the record if its notice to defendant of the right to file a supplemental brief is deficient. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) There, the appellate court's notice to Delgadillo advised him his counsel had filed a brief that did not raise any arguable issues and cited *Wende*, *supra*, 25 Cal.3d 436. (*Delgadillo*, at pp. 232-233.) The Supreme Court found the reference directly implicated *Wende* and could reasonably lead Delgadillo to conclude the Court of Appeal would conduct an independent review even if he did not submit a supplemental brief. (*Id.* at p. 233.) In addition, the notice did not caution him that failure to file a supplemental brief or letter might result in dismissal of his appeal as abandoned. (*Ibid.*) The Supreme Court found the notice was "suboptimal" and independently reviewed the record to determine whether the notice's deficiencies were harmless. (*Id.* at pp. 232-233.) It found no error and affirmed. (*Ibid.*)

Here, the notice to defendant, like the notice in *Delgadillo*, included a reference to *Wende* and did not warn defendant that we might dismiss the appeal as abandoned if he did not file a supplemental brief. Accordingly, we conducted an independent review of the record in this case and found the deficiencies in our notice to defendant were harmless because he is not entitled to any relief under section 1172.6.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

CODRINGTON
J.

6

[*People v. Long*, E079462]

RAPHAEL, J., Dissenting.

I would dismiss this appeal as abandoned in a simple unpublished order, as the criminal defendant raises no issues in a post-judgment appeal.

Our Supreme Court just approved this approach for this situation. In affirming the judgment of dismissal in *People v. Delgadillo* (2022) 14 Cal.5th 216, 234, the court stated that when the defendant makes no argument, the court of appeal "may dismiss the appeal as abandoned" and "does not need to write an opinion." (*Id.* at p. 232.)

As in *Delgadillo*, it does not matter that the defendant was given "suboptimal" notice that the appeal would be dismissed unless issues were raised. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 232-233.) The record here, as in *Delgadillo*, "makes clear" that the defendant is not entitled to relief. (*Ibid.*) So, as *Delgadillo* held, a dismissal is proper.

The trial court denied defendant's Penal Code section 1172.6 petition because he had unsuccessfully litigated such a petition in 2020, and he presented nothing new. We should dismiss the abandoned appeal with an order noting that he is not entitled to relief for this reason. Instead, as it did in defendant's *first* uncontested appeal from a section 1172.6 petition, the majority is issuing an opinion announcing it has reviewed the record, again providing no indication why he is ineligible for section 1172.6 relief. The reason is that he was convicted on still-valid theories of directly aiding and abetting a murder and conspiracy to murder. (*People v. Bell* (June 08, 2007, E038574) [nonpub. opn.]).

RAPHAEL_____

J.

1